UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


THE HUNTINGTON NATIONAL BANK,

        Plaintiff,

    v.                                    **Case No. 2:14-cv-250**
                                            **JUDGE SMITH**
                                          **Magistrate Judge Kemp**

DELUXE FINANCIAL SERVICES, INC.,

        Defendant.


## OPINION AND ORDER

This matter is before the Court upon the Motion to Dismiss of Defendant Deluxe

Financial Services, Inc. ("Deluxe") (Doc. 5).  Plaintiff The Huntington National Bank

("Huntington") filed a Response in Opposition (Doc. 14) to which Deluxe replied (Doc. 16). The

issues before the Court are fully briefed and ripe for review.  For the reasons that follow,

Deluxe's Motion to Dismiss is **DENIED**.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

This action stems from a contract executed between the parties on March 31, 2008. Under

the terms of the contract, Huntington agreed to use its best efforts to direct its banking customers

to order their checks and check-related products from Deluxe.  In return, Deluxe agreed to fulfill

all of Huntington's customers' purchase orders.  (*See generally* Doc. 15, Ex. A, Master

Agreement).  One particular provision in the contract obligated Deluxe to pay Huntington a cash

incentive based on the number of products Huntington successfully marketed and sold for

Deluxe.  The provision states, in pertinent part:

> a. Deluxe will provide quarterly cash payments to HNB in the amounts of [REDACTED] during the term of this agreement. This payment will be made within 14 days of the last day of the each [sic] calendar quarter.

(*See* Master Agreement, Schedule C, at § 3).

In July 2013, Huntington provided Deluxe 180 days' notice that it intended to terminate the contract for no cause, as was permitted by the express terms of the contract. (*See id.* at § 5.01(d); Compl. at ¶ 14 ). Nonetheless, Huntington continued to market and sell Deluxe's products up and until February 7, 2014—the effective termination date of the contract. (Compl. at ¶¶ 14, 29). Upon termination, Deluxe refused to pay Huntington its cash incentive for the first quarter of 2014. (*Id.* at ¶ 22). Deluxe asserted that Huntington was only entitled to a cash incentive payment at the end of each quarter, and because the contract was no longer in effect at the end of the first quarter, Deluxe was not obligated to pay.[1] (Compl. at ¶¶ 21-23).

Huntington then filed suit, alleging a single breach of contract claim. (*See generally* Compl.). Shortly thereafter, Deluxe filed the Motion to Dismiss now before the Court, arguing that Huntington's breach of contract claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Doc. 5, Mot. Dismiss).

## II.     STANDARD OF REVIEW

Deluxe brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Huntington has failed to state a claim upon which relief can be granted.

Under the Federal Rules, pleadings, including complaints, must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 520-21 (6th Cir. 2012). To meet this standard, a party must allege sufficient facts to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will

---

[1] The parties do not dispute that the first quarter of 2014 began on January 1, 2014 and ended on March 31, 2014.

be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 545).  Otherwise stated, while a complaint need not contain overly detailed factual allegations, it must constitute more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

Rule 12(b)(6) is an avenue by which a defendant can challenge the sufficiency of a complaint under the foregoing standards.  In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 663.  Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In considering whether Plaintiff has met this plausibility standard, the Court's review is generally limited to the pleadings and any documents attached thereto.  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) ("Matters outside of the pleadings are not to be considered by a

court in ruling on a 12(b)(6) motion to dismiss.").  However, the Court may consider documents

attached to a motion to dismiss if they are (1) undisputed as to authenticity, validity, or

enforceability, (2) central to Plaintiff's claim, and (3) referred to in the complaint.  *Waltherr-*

*Willard v. Mariemont City Sch.*, No. 1:12-CV-476-HJW, 2013 WL 121970, at *3 (S.D. Ohio Jan.

9, 2013) (Weber, J.); *Bihn v. Fifth Third Mortgage Co.*, 980 F. Supp. 2d 892, 898 (S.D. Ohio

2013) (Rose, J.).

It is with these standards in mind that the Court proceeds.

### III.    DISCUSSION

Deluxe has moved to dismiss Huntington's breach of contract claim pursuant to Rule

12(b)(6).  Deluxe cites the plain language of the cash incentive provision and various canons of

contract interpretation in support of its position.  Huntington opposes Deluxe's motion with

similar arguments, relying on the plain language of the contract and general rules of construction.

The Court reiterates the standards set forth above and notes that, at this stage in the proceedings,

it is not the Court's role to determine which party, in the end, will succeed on the merits.  The

sole question before the Court here is whether, in construing all allegations in the Complaint in

favor of Huntington as the non-moving party, the Court can make a reasonable inference as to

the existence of each element of a breach of contract claim.  *See Ashcroft*, 556 U.S. at 663;

*Pavlovich*, 435 F.3d at 565.

A threshold question of every contract analysis is whether the plain language of the

contract is ambiguous.   "Ambiguity exists only where a term cannot be determined from the

four corners of the agreement or where contract language is susceptible to two or more

reasonable interpretations." *Potti v. Duramed Pharm., Inc.*, 938 F.2d 641, 647 (6th Cir. 1991).  If

a court determines that a contract provision is ambiguous, then it "may use traditional methods of

contract interpretation to resolve the ambiguity, including drawing inferences and presumptions and introducing extrinsic evidence." *Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir. 1996) (internal quotations omitted); *see also Lemley v. Ford Motor Co.*, No. 93-3363, 1994 WL 483901, at *4 (C.A.6 (Ohio) Sept. 7, 1994) ("If the court determines that an agreement is ambiguous, its meaning becomes a question for the fact-finder, who may consider extrinsic or parol evidence to assess the intent of the parties."). If, on the other hand, the Court finds that the terms of the contract are clear and unambiguous, courts "need not determine issues of fact and instead should interpret the contract based on the intent of the parties as expressed in the plain language of the contract." *Matthew T. Szura & Co. v. Gen. Ins. Co. of Am.*, 543 F. App'x 538, 541 (6th Cir. 2013). In determining a provision's ambiguity (or lack thereof), the Court must consider the contract as a whole and afford the drafted language its "ordinary and natural meaning." *Id.*

Here, somewhat unusually, both parties argue that the contract language is unambiguous, while at the same time urging the Court to adopt different interpretations of it. The Court agrees with both parties that the disputed language of the cash incentive provision is unambiguous as written, but disagrees that either party is entitled to judgment as a matter of law.

The disputed portion of the contract states:

> Deluxe will provide quarterly cash payments to HNB in the amounts of [REDACTED] during the term of this agreement. This payment will be made within 14 days of the last day of the each [sic] calendar quarter.

(Master Agreement, Schedule C, at § 3). The Court finds that this contract language is clear and unambiguous. The provision does not contain any undefined or confusing terms, ill-placed punctuation marks, or poor grammatical arrangements. Instead, when giving the language cited above its plain and ordinary meaning, the provision is straightforward: while the agreement is in

5

effect, Deluxe is obligated to pay Huntington cash incentive payments for the items sold and marketed during each fiscal quarter.  There is nothing ambiguous about that obligation, as provided for in the contract.  This finding is exemplified by the fact that the parties performed in accordance with this interpretation for nearly four years without incident.

The Court finds that the disagreement between the parties arises not from ambiguity, but from silence. As stated above, the plain language of the contract makes clear that Deluxe was obligated to make incentive payments to Huntington for selling its products on a quarterly basis. The contract is silent, however, as to whether, or to what extent, that obligation is affected by a mid-quarter termination.

 "A contract's silence does not necessarily mean that the contract is ambiguous." *Werner v. Progressive Preferred Ins. Co.*, 533 F. Supp. 2d 776, 781 (N.D. Ohio 2008) *aff'd*, 310 F. App'x 766 (6th Cir. 2009); *see also Shimrak v. Goodsir*, No. 100612, 2014-Ohio-3716, 2014 WL 4244313, at ¶ 24 (Ohio Ct. App. Aug. 28, 2014) ("Silence in a contract is not the same as an ambiguity.").  When a contract is silent with respect to a certain circumstance or situation, the court must not rewrite or "formulate a new contract for the parties."  *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 764 (6th Cir. 2008) (quoting *Fultz & Thatcher v. Burrows Group Corp.,* No. CA2005–11–126, 2006 WL 3833971 (Ohio Ct. App. Dec. 28, 2006)).  Instead, it is the responsibility of the parties—not the court—to use good faith to fill any gaps created by a contract's silence.  *See id.* at 764; *see also Star Lock Sys., Inc. v. TriTeq Lock & Sec., L.L.C.*, 631 F. Supp. 2d 935, 940 (S.D. Ohio 2009)).  Ohio courts have defined "good faith" as "a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." *Ed Schory & Sons, Inc. v. Soc. Nat'l Bank,* 75 Ohio St.3d 433, 662 N.E.2d 1074,

1082–83 (1996) (quoting *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1357–58 (7th Cir. 1990); *Shimrak*, 2014 WL 4244313, at ¶ 24; *see also Savedoff*, 524 F.3d at 764 (interpreting Ohio law). Whether the parties acted in conformance with their implied duty of good faith is a question that depends "upon the language of the contract in each case which leads to an evaluation of reasonable expectations of the parties." *Savedoff*, 524 F.3d at 764 (quoting *Fultz*, 2006 WL 3833971, at *6).

This motion is before the Court as a Motion to Dismiss pursuant to Rule 12(b)(6). Therefore, the question to be determined at this stage in the proceedings is whether Huntington has alleged sufficient facts to allow the Court to make a reasonable inference that each element of its claim exists, i.e., (1) the existence of a contract; (2) Huntington's performance; (3) Deluxe's breach; and (4) the existence of damages. *Veracity Grp., Inc. v. Cooper-Atkins Corp.*, No. 1:11-CV-526, 2012 WL 203415, at *6 (S.D. Ohio Jan. 24, 2012) (Black, J.) (interpreting Ohio law); *see also Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (same). Based on a review of the pleadings and the documents attached thereto, the Court finds that Huntington has provided a plausible basis for the claims alleged in its Complaint.

There is no dispute that a contract was executed between the parties, that Huntington performed by marketing and selling Deluxe's products while the contract was in effect, or that Huntington suffered damages. The only remaining issue, then, is whether Huntington has pled sufficient facts to allow the Court to make a reasonable inference that Deluxe breached its obligations to Huntington under the contract. As stated above, the contract is silent as to what effect, if any, a mid-quarter termination has on Deluxe's obligation to pay Huntington its quarterly cash incentive. Therefore, the ultimate question to be answered is this: did Deluxe "fill

the gap" in good faith when it refused to pay Huntington the cash incentive for products sold during a partial quarter?

The Court acknowledges that it is precluded from conclusively resolving this "good faith" issue at this juncture, as a 12(b)(6) motion should not be used for purposes of "resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." *Christmas v. CitiMortgage, Inc.*, No. 3:14-CV-071, 2014 WL 2117453 (S.D. Ohio May 21, 2014) (Rose, J.) (quoting 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004)). Rather, the Court here is limited to determining whether Huntington has alleged facts that, if true, *could* constitute a breach of Deluxe's good faith obligation. The Court finds that it has. A fact-finder could easily reason that, based on the contract language and reasonable expectations stemming therefrom, Huntington sold Deluxe's products up and until the termination date, and should be compensated for its performance—regardless of whether the contract terminated mid-quarter. Otherwise stated, it would not be unreasonable for a fact-finder to conclude that Deluxe contravened the purpose underlying the cash incentive provision and took opportunistic advantage of the contract's silence by refusing to pay for Huntington's services. Accordingly, the Court finds Huntington has pled sufficient facts to allow the Court to make a reasonable inference that Deluxe breached its obligations to Huntington under the contract.

In sum, the Court has reviewed the pleadings of record as well as the plain language of the contract at issue. Based on the facts and evidence presented, and construing all inferences in favor of Huntington as it is required to do, the Court finds Huntington has alleged sufficient facts to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663.

8

## IV.    CONCLUSION

For reasons set forth above, the Court finds that Huntington has stated a plausible breach of contract claim upon which relief can be granted.  Deluxe's Motion to Dismiss pursuant to Rule 12(b)(6) is therefore **DENIED**.

The Clerk shall remove Document 5 from the Court's pending motions list.

**IT IS SO ORDERED.**

_____*/s/ George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**